BRIAN D. BERTOSSA, ESQ. (SBN 138388)
DANIEL F.C. KOZIEJA, ESQ. (SBN 331123)
bbertossa@cookbrown.com
dkozieja@cookbrown.com
COOK BROWN, LLP
2407 J STREET, SECOND FLOOR
SACRAMENTO, CALIFORNIA 95816
T. 916-442-3100 | F. 916-442-4227

Attorneys for Defendant ARROW DRILLERS, INC.
dba ARROW CONSTRUCTION

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DILLON LEWIS, individually, and on behalf of all others similarly situated,<br><br>Plaintiff(s),<br><br>v.<br><br>ARROW DRILLERS, INC., a California corporation dba ARROW CONSTRUCTION; and DOES 1 through 10, inclusive,<br><br>Defendant(s). | Case No.<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**<br><br><br><br>Action Filed: September 13, 2023 |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendant ARROW DRILLERS, INC. a California corporation dba ARROW CONSTRUCTION ("Arrow"), by and through counsel and without waiver or limitation of its rights to compel individual arbitration of the claims asserted in this action, hereby removes the above-entitled action from the Superior Court of the State of California in and for the County of Sacramento (the "State Court") to the United States District Court for the Eastern District of California on the grounds that this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1441, 1446 and all other applicable bases for removal.

Specifically, removal is proper because of federal question jurisdiction under Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a). Section 301 has been held to generate federal common law based on the provisions and objectives of federal labor relations laws. In support of this Notice of Removal, Arrow avers as follows:

## PLEADINGS AND PROCEDURES

1. On September 13, 2023, Plaintiff DILLON LEWIS ("Plaintiff") filed a Complaint (the "Complaint") in State Court commencing this civil action against Arrow, in a case entitled *DILLON LEWIS v ARROW DRILLERS, INC., a California corporation dba ARROW CONSTRUCTION*, Sacramento County Superior Court Case No. 23CV008436 (the "State Court Action"). A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

2. On November 14, 2023, Arrow's counsel accepted a copy of the Complaint and the following additional documents from the State Court Action, true and correct copies of which are attached hereto:

**Exhibit B**:   Summons
**Exhibit C**:   Civil Case Cover Sheet
**Exhibit D**:   Application for Complex Designation
**Exhibit E**:   Notice of Case Assignment and Case Management Conference
**Exhibit F**:   Notice of Case Reassignment
**Exhibit G**:   Minute Order (Complex Determination)
**Exhibit H**:   Notice of CMC and Orders RE: Case Management Procedures
**Exhibit I**:   Notice of Entry of Order
**Exhibit J**:   Notice of Entry of Order

3. True and correct copies of the only other documents on file in the State Court Action are attached hereto as follows:

**Exhibit K**:   Notice and Acknowledgement of Receipt

4. Arrow is informed and believes that the aforementioned documents and exhibits constitute all the process, pleadings, and orders on file in the State Court Action.

5. The Complaint alleges eight (8) purported causes of action for:

(1) Failure to pay minimum wages for all hours worked as required by Labor Code §§ 204, 1194, 1194.2, and 1197;

(2) Failure to pay overtime compensation as required by Labor Code §§ 1194 and 1198;

(3) Failure to provide meal periods as required by Labor Code §§ 226.7, 512, and IWC Wage Orders;

(4) Failure to provide rest periods as required by Labor Code §§ 226.7, and IWC Wage Orders;

(5) Failure to indemnify necessary business expenses as required by Labor Code § 2802;

(6) Failure to pay timely wages at termination as required by Labor Code §§ 201, 202, and 203;

(7) Failure to provide accurate itemized wage statements as required by Labor Code § 226; and

(8) Unfair Business Practices in violation of Business and Professions Code § 17200, *et seq*

See Exh. A. (Complaint).

6. Arrow is informed and believes that there has been no service of process upon any "Does," which are fictitious defendants and therefore properly disregarded for the purpose of this removal. 28 U.S.C. § 1441(a).

7. The Complaint defines a proposed class as: "All persons who worked for any Defendant in California as an hourly, non-exempt employee at any time during the period beginning four years before the filing of the initial complaint in this action and ending when notice to the Class is sent." See Exh. A. (Complaint, ¶ 22).

8. The Complaint did not expressly enumerate any claim under federal law and omits that the terms and conditions of employment of a number of the purported class members as the class is defined in the Complaint were subject to a Collective Bargaining Agreement ("CBA"). *See* Declaration of Michael Wegener ("Wegener Decl."), ¶¶ 4-8.

**TIMELINESS OF REMOVAL**

9. This action has not previously been removed to federal court.

10. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), which provides that such Notices "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim upon which such action or proceeding is based." Arrow has filed this Notice of Removal within 30 days of November 14, 2023, the date on which Arrow's counsel acknowledged receipt of the Complaint. Thus, this action is being removed within 30 days of the first date upon which Arrow was served, through service or otherwise, with any paper giving it knowledge that the action was indeed removable.

**REMOVAL JURISDICTION – FEDERAL QUESTION JURISDICTION BASED ON THE LABOR MANAGEMENT RELATIONS ACT SECTION 301 PREEMPTION**

11. The Court has original jurisdiction under 28 U.S.C. § 1331, and this case may be removed pursuant to the provisions of 28 U.S.C. 1441(b), in that it is a civil action that presents a federal question.

12. Federal question jurisdiction exists because the allegations in the Complaint of California Labor Code violations arise out of and require interpretation of CBAs and thus are completely preempted by federal law under the LMRA. 29 U.S.C. § 185. Section 301 of the LMRA provides that: "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in a district court for the United States having jurisdiction of the parties without regard to the amount in controversy or without regard to the citizenship of the parties." *Firestone v. Southern Cal. Gas. Co.*, 219 F.3d 1063, 1065 (9th Cir. 2000). To ensure uniform interpretations of CBAs, federal common law preempts the use of state contract

law in collective bargaining agreement interpretation and enforcement. *See Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 411 (1988).

13. In addition, to the extent the claims do not directly arise out of the CBAs, federal question jurisdiction still exists because all state law claims raised by a union-represented employee that require interpretation of a collective bargaining agreement must be brought pursuant to Section 301. *Allis-Chalmers Corp. v. Lueck*, 571 U.S. 202, 211 (1985). "The preemptive force of section 301 is so powerful that it displaces entirely any state cause of action for violation of a collective bargaining agreement . . . any state claim whose current outcome depends on analysis of the terms of the agreement." *Newberry v. Pac. Racing Ass'n*, 854 F.2d 1142, 1146 (9th Cir. 1988); *see Voorhees v. Naper Aero Club, Inc.*, 272 F.3d 398, 403 (7th Cir. 2001) (noting that Section 301 is one of "only two areas in which the Supreme Court has found that Congress intended completely to replace state law with federal law for purposes of federal jurisdiction.")

14. Section 301 specifically has been held to preempt California state law claims that are substantially dependent upon the interpretation of a collective bargaining agreement. *Firestone*, 219 F.3d at 1066-67. This is even so where interpretation was required to evaluate the employer's defense to a plaintiff's state law causes of action. *See Levy v. Skywalker Sound*, 108 Cal.App.4th 753, 769 (2003) (claim for unpaid wages preempted because it "rest[ed] entirely" on a claim that plaintiff was "entitled . . . to wages at the level set by the CBA").

**The Terms and Conditions of Employment for Members of the Putative Class are Governed by Collective Bargaining Agreements**

15. California's meal period statutes are *inapplicable* to workers who are in construction or a "similar . . . occupation" and (1) have a valid CBA (2) that expressly provides for hours of work, working conditions, meal breaks, final and binding arbitration of disputes, premium wage rates for all overtime hours worked, and a regular hourly rate of pay of not less than 30 percent above the state's minimum wage. (Cal. Lab. Code §§ 512(e), (f)(1), (g)(2).)

**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**

16. Furthermore, California's overtime statutes are inapplicable to employees subject to (1) a valid CBA (2) that expressly provides for all the topics required under Cal. Lab. Code § 512(e), except for meal periods and final and binding arbitration. *See* Cal. Lab. Code § 514. Indeed, if the putative class members were or are covered by a qualifying collective bargaining agreement, then Cal. Lab. Code § 510's definition of "overtime" does not apply to their employment. *See Vranish v. Exxon Mobil Corp.*, 223 Cal.App.4th 103, 109-113 (2014).

17. Here, a portion of the putative class members are exempt from California's statutory overtime and meal period requirements. First, Plaintiff worked as a driller (see Complaint, ¶ 7), and he and the putative class members all worked in the construction industry, and are, thus, in a construction-type occupation under Cal. Lab. Code Section 512(f). Second, at all times relevant to this litigation the terms and conditions of employment for a number of the putative class members was governed by two CBAs that contain specific provisions relating to hours of work, meal periods, rest periods, and rates of pay. See Wegener Decl., ¶¶4-8, Exh. A-Exh. C.

18. The CBAs also contain specific provisions providing for contractual hourly rates of more than 30% above California's applicable minimum wage rate. *Id.*, Exh. B, pp. 2-25; Exh. C, pp. 43-49; Wegener Decl. ¶3 . Likewise, the CBAs set forth specific provisions addressing the working conditions, entitlement to and rates of pay, and final and binding arbitration for alleged violations of each CBA. *Id.*, Exh. B, pp. 2-25, 69-71; Exh. C, pp. 16-19, 43-49. Moreover, the CBAs address the entitlement to meal and rest periods, require employees to report any noncompliant rest periods to their supervisor, and contain provisions for when and how much additional daily compensation will be paid to an employee for non-compliant meal and/or rest periods. *Id.*, Exh. B, p. 40, Exh. C, p. 14.

19. The CBAs further provide that disputes about wages, and compliance with the meal and rest period provisions are subject to the contractual grievance procedure, and employees must exhaust the grievance procedure regarding such disputes before seeking other remedies. *Id.*, Exh. B, p. 42; Exh. C, p. 19. As such, the allegations in the Complaint

related to meal period, rest period or overtime violations are based upon and exclusively arise from contractual rights under the CBAs.

### The Class Claims are Preempted by the LMRA Because They Require Substantial Interpretation of a CBA.

*1. Plaintiff's Failure to Reference Section 301 of the LMRA in His Complaint Does Not Preclude Removal.*

20. The Complaint omits the fact that the terms and conditions of employment of a number of the putative class members employed by Arrow were subject to the terms of either a CBA with the Operating Engineers Local 3 or with the District Council of Laborers. However, a plaintiff may not be permitted to "artfully plead" his complaint to conceal the true nature of the complaint. *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987) (holding that plaintiff's state law claim was preempted even though the operative complaint made no mention of a collective bargaining agreement); *Schroeder v. Trans World Airlines, Inc.*, 702 F.2d 189, 191 (9th Cir. 1983), overruled in part on other grounds in *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241 (9th Cir. 2009). Thus, the fact that Plaintiff has not made specific reference to Section 301 in his Complaint does not preclude removal. *See Milne Employees Ass'n v. Sun Carriers, Inc.*, 960 F.2d 1401, 1406 (9th Cir. 1991).

21. The Court may properly look beyond the face of the Complaint to determine whether claims asserted are in fact preempted by Section 301. *See Lippitt v. Raymond James Financial Servs., Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003). Additionally, the Court may properly look to the facts stated in the Notice of Removal "to clarify the action a plaintiff presents and to determine if it encompasses an action within federal jurisdiction." *Schroeder*, 702 F.2d at 191.

22. An artfully pled state law claim is properly "recharacterized" as a federal claim under the "corporate preemption" doctrine, which provides that the preemptive force of 301 "converts an ordinary state law complaint into one stating a federal claim for purposes of the "well-pleaded complaint rule" and is removable to federal court. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987); *Franchise Tax Bd. v. Construction Laborers*

*Vacation Trust,* 463 U.S. 1, 23 (1983) ("[I]f a federal cause of action completely preempts a state cause of action, any complaint that comes within the scope of the federal cause of action necessarily 'arises' under federal law.")

23. The claims asserted in the Complaint are "founded directly on rights created by collective bargaining agreements" and/or are substantially dependent on an analysis and interpretation of a collective bargaining agreement. *See Hayden v. Reickerd*, 957 F.2d 1506, 1509 (9th Cir. 1991); see also *Caterpillar Inc.*, 482 U.S. at 394. To analyze the class claims, therefore, the Court will necessarily need to interpret the provisions of the relevant CBAs.

*2. Resolution of the Class Claims Will Require Substantial Interpretation of Various Provisions of the Relevant CBAs.*

24. The Court cannot simply look to state law to resolve the artfully pled Complaint. The class claims cannot be adjudicated without interpretation of numerous CBA provisions that govern the putative class members' employment. The following claims are asserted on a class-wide basis: (1) Failure to pay minimum wages for all hours worked; (2) Failure to pay overtime compensation; (3) Failure to provide meal periods; (4) Failure to provide rest periods; (5) Failure to indemnify necessary business expenses; (6) Failure to pay timely wages at termination; (7) Failure to provide accurate itemized wage statements; and (8) Unfair Business Practices in violation of Business and Professions Code § 17200, *et seq.*

25. The applicable CBAs contain specific language governing time worked, wages, overtime, and provision of meal and rest periods.  For example, the Operators CBA states the following: "***Rest Periods.*** As provided by the State of California Industrial Welfare Commission Order No. 16-2001 covering Construction operations, Employees are authorized and shall be permitted to take a total of ten (10) minutes during each four (4) hour segment of their assigned work shift for a rest period." See Wegener Decl., Exh. B, p. 41. The CBAs also provide for a **grievance process and require binding arbitration** to resolve any disputes arising under the CBAs.  Resolution of Plaintiff's claims will require the Court to interpret, at a minimum, all these provisions.  The derivative class claims –

those deriving from the alleged unpaid wages and missed breaks – will also require the Court to interpret the CBAs' provisions. (Wegener Decl., and Exh. B & C thereto).

26. <u>Wages, Hours and Overtime</u>. The CBAs set forth the parties' mutual agreement regarding all issues pertaining to employee wages, including but not limited to pay for overtime, minimum pay, pay for show-up time, zone pay, single shifts, multiple shifts and special shifts. See Wegener Decl., Exh. B, pp. 40-41, 88; Exh. C, pp. 27-30. The focus of the minimum and overtime wage claims in the Complaint is that the putative class members frequently worked overtime or off-the-clock and were not paid for such time. The CBA expressly provides terms for overtime pay. See Wegener Decl. Exh. B, pp. 40-41, 88; Exh. C, pp. 27-30.

27. <u>Meal and Rest Periods</u>. The CBAs provide for meal and rest periods, and expressly lay out the conditions under which employees are entitled to such breaks. See Wegener Decl., Exh. B, pp. 39-40; Exh. C, pp. 14-15.

28. <u>Wage Order No. 16</u>. To the extent state law applies, the CBAs expressly set forth that any dispute arising from California Industrial Wage Order No. 16 shall be processed under and in accordance with the grievance procedure outlined in the CBAs. See Wegener Decl., Exh. B, pp. 70-71; Exh. C, p. 19. Furthermore, Cal. Lab. Code § 514 and Wage Order No. 16 provide that overtime and meal period requirements do not apply to employees covered by a valid CBA, so long as the CBA provides wages, hours of work, working conditions, and premium wage rates for all overtime hours worked; and wages for all regular hours worked are not less than 30% more than the state's minimum wage. Here the CBAs meet that criterion: they provide for wages, hours, and working conditions; and specifically call for premium pay for all overtime hours worked; in addition to expressly requiring that employees be paid at an hourly rate of more than 30% above the state minimum wage. As a result, the CBAs here must be interpreted to resolve Plaintiff's claims. See Wegener Decl., Exh. B, pp. 39-41, 88; Exh. C, pp. 14-15, 27-30.

29. <u>Grievance and Arbitration Procedure</u>. Additionally, applying the CBAs in conjunction with Labor Code Section 514 and Wage Order No. 16, the grievance and

arbitration procedure outlined in the CBAs covers "Any dispute concerning the interpretation or application of this Agreement." See Wegener Decl Exh. B, p. 68; Exh. C, p. 19. The promotion of extra-judicial dispute resolution is another purpose of Section 301 preemption. State court lawsuits properly removed on preemption grounds may then be deferred to arbitration if the parties to the CBA have so agreed. *See Livadas v. Bradshaw*, 512 U.S. 107, 142, fn. 18 (1994). Here, Arrow and putative class members have so agreed, and the claims are therefore subject to arbitration as discussed above. Accordingly, an alleged violation of the CBAs, or Wage Order 16, is subject to the grievance and arbitration procedures set forth therein. As all the class claims pled in the Complaint are in essence alleged violations of the relevant CBAs (and/or of Wage Order 16), the Court will necessarily have to interpret the grievance and arbitration provisions to analyze the claims in this case. That is, the Court will be required to determine whether the putative class members were first required to exhaust the grievance procedures, whether they did in fact exhaust those procedures, and whether they agreed to arbitrate all or some of their claims—which are all questions reserved for federal courts under the LMRA.

30. Accordingly, the class claims are substantially dependent upon the interpretation of the foregoing CBAs terms and provisions. In fact, those terms and provisions govern nearly all the conduct that form the basis of the class allegations in the Complaint and thus are essential to the resolution of the claims. Thus, the class claims arise under Section 301 of the LMRA and are therefore preempted by federal law. Removal to federal court is warranted.

*Supplemental Jurisdiction*

31. To the extent that there are remaining claims for relief that do not arise under Section 301 and/or are not completely preempted by Section 301, these claims are within the supplemental jurisdiction of this Court under 29 U.S.C. §1367(a) in that they are so related to the Section 301 claims that they form part of the same case or controversy under Article III of the United States Constitution. *See Nishimoto v. Federman-Backrach & Assoc.*, 903 F.2d 709, 714 (9th Cir. 1990). Considerations of convenience, judicial economy, and

1  fairness to the litigants strongly favor this Court exercising jurisdiction over all claims in
2  the Complaint. *See Executive Software v. U.S. Dist. Court*, 24 F.3d 1545, 1557 (9th Cir. 1994).
3  Accordingly, by virtue of 28 U.S.C. § 1441, Arrow is entitled to remove all of the class
4  claims to this Court.

## VENUE

6      32.    Arrow is informed and believes that the events allegedly giving rise to this
7  action occurred within this judicial district. Venue lies in this Court because Plaintiff's
8  action was filed in the Superior Court of California, County of Sacramento, and is pending
9  in this district and division.  Accordingly, Arrow is entitled to remove this action to the
10 United States District Court for the Eastern District of California. See 28 U.S.C. § 1441(a).

## NOTICE TO PLAINTIFF AND STATE COURT

12     33.    Contemporaneously with the filing of this Notice of Removal in this Court,
13 written notice of such filing will be served on Plaintiff's counsel of record as reflected in
14 the attached Certificate of Service. In addition, a copy of this Notice of Removal will be
15 filed with the Clerk of the Superior Court of the State of California in and for the County
16 of Sacramento.

17     WHEREFORE, Arrow respectfully requests that the above-captioned action now
18 pending in the Superior Court of the State of California in and for the County of
19 Sacramento be removed to this United States District Court for the Eastern District of
20 California.

22 DATED:  December 14, 2023        COOK BROWN, LLP

25                                                 By: /s/ Brian D Bertossa
                                                    BRIAN D. BERTOSSA, ESQ.
26                                                     DANIEL F. C. KOZIEJA, ESQ.
                                                    Attorneys for Defendant
27                                                     ARROW DRILLERS, INC.
                                                    DBA ARROW CONSTRUCTION

**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**